IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| LUAN VAN NGUYEN | § | |
| VS. | § | CIVIL ACTION NO. 1:15cv367 |
| UNITED STATES OF AMERICA | § | |

## MEMORANDUM ORDER OVERRULING MOVANT'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant Luan Van Nguyen, a federal prisoner, proceeding *pro se*, brought this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

The court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends the motion be denied and dismissed.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, pleadings and all available evidence. Movant filed objections to the magistrate judge's Report and Recommendation.

The court conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After thorough review and consideration of all of movant's grounds for relief presented in this motion to vacate and his objections, the court finds movant's grounds fail to state a claim warranting relief. Accordingly, the court concludes movant's objections should be overruled.

First, movant argues that the government presented insufficient evidence the vehicle involved in the carjacking in this case traveled in interstate or foreign commerce. However, movant did not challenge this element of the offense on direct appeal. *See United States v. Nguyen*, 566 F. App'x 322, 326-27 (5th Cir. 2014). If a defendant alleges a fundamental constitutional error, he may not raise the issue for the first time in a § 2255 motion without showing both "cause" for his procedural default and "actual prejudice" resulting from the error. *United States v. Shaid*, 937 F.2d 228, 232

1

(5th Cir. 1991). The only exception to the cause-and-prejudice test is when the failure to grant relief would result in a "manifest miscarriage of justice," i.e., in the "extraordinary case ... in which a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id*. at 232 . Here, movant has failed to show cause, prejudice or a fundamental miscarriage of justice. Accordingly, movant is procedurally barred from bringing this claim.

Additionally, as movant concedes, the government presented evidence at trial that the vehicle taken was produced in Japan and received in Houston. The carjacking statute, 18 U.S.C. § 2119, "prohibits the taking of a motor vehicle that has been transported, shipped or received in interstate or foreign commerce." *See United States v. Jones*, 854 F.3d 737, 739 (5th Cir. 2017). Therefore, the government presented sufficient evidence to satisfy the statute in this action.

Next, movant argues carjacking cannot be considered a crime of violence pursuant to the Supreme Court holding in *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Court held that an increased sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), violates due process. *Id*. at 463. However, *Johnson* has not been extended to Section 924(c)(3)(B), the section of the statute under which movant was charged. Further, "[c]arjacking is always and without exception a 'crime of violence' as that term is defined in 18 U.S.C. § 924(c)(3)." *United States v. Frye*, 489 F.3d 201, 208-09 (5th Cir. 2007); *see also United States v. Jones*, 642 F. App'x 304, 305 (5th Cir. 2016); *Metcalf v. United States*, 2017 WL 1281133 (N.D. Tex. 2017). Accordingly, movant's claim is without merit.

Finally, movant claims he was denied the effective assistance of counsel. Counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations necessary. *Strickland v. Washington*, 466 U.S. 668, 691 (1984). To establish counsel's failure to investigate was deficient performance under the *Strickland* standard, however, a petitioner must do more than merely allege a failure to investigate, or speculate what the results of further investigation might have been. *Carter v. Johnson*, 131 F.3d 452, 464-65 (5th Cir. 1997). The petitioner must state with specificity what the investigation would have revealed and what

specific evidence would have been disclosed. *Id*. Further, in order to establish prejudice, the petitioner must state how the evidence would have altered the outcome of the trial. *Id*.

Movant's claims of ineffective assistance of counsel in this case, however, are conclusory, lack factual support and call for speculation. Thus, movant's claims are without merit. *See Carter*, 131 F.3d at 464 (speculative claims are insufficient to overcome the presumption of counsel's competency and the high burden of actual prejudice). Further, given the strong evidence against movant in this case, he has failed to show a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. Accordingly, movant has failed to show either deficient performance or prejudice related to counsel's representation. Therefore, movant's ineffective assistance of counsel claims are without merit.

For the reasons set forth above, as well as the reasons set forth in the Magistrate Judge's Report and Recommendation, movant's motion to vacate, set aside or correct sentence is without merit and should be denied. Additionally, movant's objections should be overruled.

Furthermore, movant is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the movant need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the movant, and the severity of the penalty may be considered

in making this determination.  *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Here, movant has not shown that any of the issues raised by his claims are subject to debate among jurists of reason.  The factual and legal questions advanced by movant are not novel and have been consistently resolved adversely to his position.  In addition, the questions presented are not worthy of encouragement to proceed further.  Therefore, movant has failed to make a sufficient showing to merit the issuance of a certificate of appealability.  Accordingly, a certificate of appealability shall not be issued.

O R D E R

Accordingly, movant's objections are **OVERRULED**.  The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**.  A final judgment will be entered in this case in accordance with the magistrate judge's recommendations.

**SIGNED** this the 26 day of **September, 2018.**


Thad Heartfield
United States District Judge